### DETERMINED IN THE

# THIRD DEPARTMENT,

#### AT

## GENERAL TERM,

### May, 1881.

---

## HAMILTON S. PRESTON, Respondent, v. ALONZO C. YATES AND THEODORE DISSEL, Appellants.

*Bond to protect a sheriff in making a levy — he cannot recover upon it unless he complies with its conditions — it prevents any other promise to protect him arising by implication.*

The plaintiff, a sheriff, while attempting to levy upon certain property under an execution, was informed that it belonged to the judgment debtor's father, and thereupon demanded a bond of indemnity from the judgment creditors, the defendants in this action, who gave to him such a bond containing a proviso that, in case any suit should be brought against the sheriff the judgment creditors should be notified and permitted to defend. The sheriff then levied upon the property, sold it, and paid over the proceeds to the defendants. Thereafter he was sued by the judgment debtor's father, who recovered from him the value of the property taken.

In an action brought by him upon the undertaking:

*Held*, that he could not recover upon it as he had failed to notify the defendants of the suit, and to give them an opportunity to defend it.

That the action could not be maintained upon an implied promise to repay the money received from the sheriff, as the express contract made between the parties prevented the implication of any other or different contract.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*Wm. C. Ruger* and *Louis Marshall*, for the appellants.

*C. H. Bell* and *J. H. Maynard*, for the respondent.

Boardman, J. :

The defendants, having a judgment against one E. H. Powell, issued their execution thereon to plaintiff, who was sheriff. Certain property then lately in the possession of Powell was found, but John Powell, the father of the judgment debtor, claimed to own it. The plaintiff then demanded of the defendants a bond of indemnity, stating such claim of John Powell to the goods found. The defendants thereupon gave to plaintiff a bond of indemnity, reciting the above facts, whereby they agreed to indemnify and save harmless the plaintiff for levying upon and making sale under their execution of the property so claimed by John Powell, with a proviso at the end thereof " that in case any suit shall be brought therefor against said sheriff, that said A. C. Yates & Co., the defendants, shall be notified and permitted to defend the same." The plaintiff then levied upon and sold property sufficient to satisfy the defendants' execution, and paid the amount thereof to the defendants. Afterwards, John Powell sued the plaintiff for such levy and sale, and recovered of him the value of the goods sold. The plaintiff then brought this action, and on a former trial recovered upon such bond of indemnity about $700. On appeal, such judgment was reversed upon the ground that the plaintiff had neglected and refused to allow the defendants, upon their request, to appear and defend the action brought against him by. John Powell, as provided in said bond.

Upon the new trial, the plaintiff has again recovered, but only for the amount of money paid by him to the defendants in satisfaction of their execution. The plaintiff now disclaims that he seeks indemnity, but recovers upon the theory that the complaint is broad enough to sustain an action of assumpsit for money had and received by the defendant to the use of the plaintiffs, paid by him under a mistake of facts.

The complaint was evidently framed with the purpose of recovering full indemnity. It certainly has not the characteristics of a complaint for the recovery of money paid by mistake. No mistake is alleged in making the payment. No promise or agreement for repayment is alleged or arises by implication of law from the facts stated. No demand for repayment is stated in the complaint. The only demand proved or to be inferred was made in virtue of the bond

of indemnity, to which the defendants replied denying their liability upon the bond and refusing to respond to plaintiff's demand. In the opinion of this court (*Preston* v. *Yates*, 17 Hun, 93), it is said the plaintiff " must recover, if at all, on the bond." The plaintiff has, however, recovered on an entirely different theory and ground of action. It is possible such a complete variance from the cause of action as originally set forth may be allowed where the defendants are not prejudiced thereby. Where such a course of procedure promotes justice, and fairly determines the rights of the parties, it ought to be sustained. There is an appearance of equity in this case that defendants ought not to retain moneys produced from the sale of John Powell's property, through plaintiff's official acts, which plaintiff has had to repay.

The difficulty is, the rights of these parties are fixed by their agreement. No promise or contract can be implied in opposition to an express agreement. The plaintiff was under no obligation to levy on goods in the possession of John Powell or claimed to be owned by him. Knowing this, he refused to meddle with the goods unless the defendants would indemnify him for so doing. The defendants do this upon condition they shall be allowed to defend if suit is brought. Under this agreement the plaintiff collects and pays to defendants the amount of their execution, and when sued refuses to allow them to defend the action. No other agreement or understanding can be inferred from the facts. The sale was made only because plaintiff was indemnified. Being so made, the defendants became entitled to the proceeds of the sale. Plaintiff could not have withheld them. In return, the defendants had agreed, and it was their duty to defend the sheriff when sued if he would permit; otherwise it was not their duty. Plaintiff, by refusing to allow defendants to defend, relieved them from all obligation, as well for the moneys paid them as the other damages which plaintiff had suffered. The right of defendants was absolute and for their own protection. They might have defended successfully. The plaintiff might have neglected his defense, relying upon his indemnity. By reason of plaintiff's refusal to allow the defendants to defend the action they were not represented in such action. They were not parties thereto. The recovery of the judgment against plaintiff was not evidence of John Powell's title to the goods sold as against

defendants. Their right to defend that action would have been the same in the absence of an indemnity bond, provided the plaintiff desired to hold them responsible for any portion of the recovery. They were the real parties to be affected and the plaintiff at his peril prevented them from fighting the battle in their own way. Except upon the condition stated the defendants might well have declined the risk assumed in selling and taking the proceeds. The legal principles here stated need no citations or authorities if they are applicable to the facts in this case. We conclude then :

1. That the demand of a bond of indemnity by plaintiff as a condition to his levy upon and sale of the property, the giving the same by the defendant, and the acceptance of the bond given constitute the contract under which the property was sold and the proceeds paid over to the defendants.

2. That plaintiff forfeited all rights to look to defendants for a return of the money paid them, by reason of his breach of said contract in refusing to let them defend according to its condition.

3. That a contract or promise to return said moneys can not be implied in hostility to and at variance with the express contract, and finally,

4. That the finding of an implied contract or promise to return said money is not sustained by the evidence.

Therefore, the judgment must be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, new trial granted, costs to abide event.